**ROY DEN HOLLANDER**
**Attorney at Law**

545 East 14th Street, 10D                                          Tel: (917) 687-0652
New York, N.Y. 10009                                               rdenhollander97@gsb.columbia.edu

March 12, 2019

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

### Roy Den Hollander v. PressReader, Inc., 1:19-cv-02130-AJN

Dear Judge Nathan:

      I am an attorney admitted to this Court who is representing himself in the above caption action.

      This letter is to correct attorney Gary Meyerhoff's dissemblings and to bring to the Court's attention his violating of this Court's procedures. Mr. Meyerhoff is representing the defendant PressReader.

      First, Mr. Meyerhoff insists on submitting pdf documents that cannot be searched. It is my experience in the SDNY Courts that reputable attorneys always submit searchable pdf documents as both a matter of courtesy and Court rules. I, therefore, request that this Court instruct Mr. Meyerhoff to submit searchable pdf documents in the future.

      Second, Mr. Meyerhoff essentially submitted his Rule 11 motion to the Court by stating that he served me on March 12, 2019, with a motion for sanctions "based on the frivolous nature of [Plaintiff's] claims, citing as well Plaintiff's pattern of bringing meritless cases for improper reasons." Under Rule 11(c)(3), such a motion "must not be filed or be presented to the court" until after 21 days. Mr. Meyerhoff clearly decided not to wait.

      Mr. Meyerhoff is in the habit of making arguments before they are procedural allowed. As such, I have included this latest one of him jumping the gun to gain an unfair advantage in my motion for sanctions against him and the other defense attorneys working on this matter, which was served on him by email on March 12, 2019.

      Third, realizing that first impressions are most lasting, Mr. Meyerhoff said I "would not consent to the adjournment" in the first paragraph of his letter motion. I told Mr. Meyerhoff at four hours after receiving his request that I had not yet decided.

Fourth, Mr. Meyerhoff also argues his future motion to dismiss in his letter motion. Under Your Honor's Individual Practice Rule 1 (C), letter motions are improper for arguing motions to dismiss.  Furthermore, Mr. Meyerhoff falsely depicted the article at issue by saying it "discusses Plaintiff and his political views."  In reality, the article while mentioning me by name dealt with submissions by Australians to an Australian Federal Government panel concerning the Australian Government's review of religious freedom in Australia versus that of gay rights.  I do not live in Australia, have never lived in Australia, have never visited Australia, did not submit any comments to the Australian Government and have never been involved in a case dealing with gay rights versus religious freedom—anywhere.

Also included in Mr. Meyerhoff's motion to dismiss arguments in his letter motion is that N.Y. Civil Rights Law §§ 50 & 51 have an exception for newsworthy articles.  However, the PressReader published article does not fall within that exception because Plaintiff has no relationship whatsoever to the substance of the article concerning the conflict in Australia between religious freedom and gay rights.  14 *N.Y.Prac., New York Law of Torts* § 1:63.

Fifth, as for the events in the New York City Civil Court, the removal of which Plaintiff opposes, Plaintiff exercised his right under CPLR 3025(a) and filed an amended complaint that include a Racketeer Influenced Corrupt Organizations Act claim.  On February 15, 2019, the New York City Civil Court gave PressReader until April 19, 2019, to file and serve an amended answer with a pretrial conference set for May 6, 2019.  The case, therefore, was on its way to a speedy trial, but Mr. Meyerhoff slammed on the brakes.  First by filing removal papers, and second, by making a motion for sanctions.  An initial pre-trial conference is now set for July 12, 2019—a delay of at least two months.

For some bizarre reason, Mr. Meyerhoff has done something to prevent me from receiving ECF documents in this case.  I have been admitted to this Court since 2002.  As long as the ECF filing system has been in effect, I have never had any problem receiving such documents.  I am at a lost as to what Mr. Meyerhoff has done.

Thank you for your time.

Sincerely,

s/Roy Den Hollander
Roy Den Hollander